1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKIE WELCH, | Case No. CV 13-0544-SVW (DTB) |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## PROCEEDINGS

Plaintiff, proceeding pro se, filed a Complaint ("Complaint") on May 9, 2013, seeking review of the Commissioner's denial of her application for Disabled Widow's Benefits. In accordance with the Court's Case Management Order and the Court's Order of April 1, 2014, plaintiff filed a Motion for Summary Judgment ("Motion") on June 25, 2014, and defendant filed a Cross Motion for Summary Judgment ("Cross

/ / /

1

Motion") on July 25, 2014.  Plaintiff filed a Reply to Defendant's Cross Motion for Summary Judgment ("Reply") on August 6, 2014.

As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the briefs filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

This Report and Recommendation constitutes the Court's findings of fact and conclusions of law.

## BACKGROUND

On November 18, 2008, plaintiff filed an application for Disabled Widow's Benefits, alleging disability beginning on January 1, 2000, due to depression, bipolar disorder, and high blood pressure.  (AR 147, AR 154, AR 160, AR 280-83, AR 300.) After her application was denied initially, (AR 154-58), and on reconsideration, (AR 160-64), plaintiff requested an administrative hearing, which was held on June 7, 2011.[1]  (AR 42-76, AR 166-67.)  Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ").  (AR 42-76.) Alan E. Cummings, Ph.D., a vocational expert, also testified.  (Id.)

On January 18, 2012, the ALJ issued a written decision finding plaintiff "not disabled."[2]  (AR 16-35.)  Plaintiff timely filed a request with the Appeals Council for

---

[1]    The Administrative Law Judge continued plaintiff's hearing twice, once so that she could obtain counsel, and on a second occasion because counsel failed to appear.  (AR 16, AR 77-88, AR 89-98.)

[2]    Plaintiff previously filed applications for Disability Insurance Benefits, ("DIB"), Social Security Income, and Disabled Widow's Benefits, which were denied on April 16, 2007 ("2007 ALJ Denial").  (AR 17, AR 138-46.)  The Appeals Council
(continued...)

2

1  review of the ALJ's decision.  (AR 10-11.)  On May 14, 2013, the Appeals Council

2  advised that the ALJ's decision would stand as the final decision of the Commissioner

3  in plaintiff's case.  (AR 2-7.)

4          The timely filing of the instant action followed.

5

6                              **DISPUTED ISSUES**

7          As reflected in the Motion and Reply, the disputed issues that plaintiff is raising

8  as grounds for reversal and remand are as follows:

9          1.      Whether the ALJ properly conducted the administrative hearing and

10 whether the ALJ tampered with the administrative record.  (Motion at 1.)

11         2.      Whether the ALJ properly evaluated the medical evidence.  (Motion at

12 1; Reply at 2.)

13

14                              **LEGAL STANDARD**

15         Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to

16 determine whether the Commissioner's findings are supported by substantial evidence

17 and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d

18 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but

19 less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420,

20 28 L. Ed. 2d 842 (1971); Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).

21 Substantial evidence is "such relevant evidence as a reasonable mind might accept as

22 ────────────────────

23         [2](...continued)

24 denied review of the ALJ's decision and plaintiff did not appeal the Appeals Council's
   denial of her request for review.  (AR 17.)  In the decision under review in the instant
25 action, it appears that the ALJ applied a presumption of continuing non-disability
26 pursuant to Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988).  (See, e.g., AR 30
   (ALJ noting that the "record does not contain objective medical signs, findings or test
27 results of [plaintiff's] spine during the period in issue to show a material change").)

28

                                      3

1    adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations

2    and citation omitted).  This Court must review the record as a whole and consider

3    adverse as well as supporting evidence.  Reddick v. Chater, 157 F.3d 715, 720 (9th

4    Cir. 1998); Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence

5    is susceptible of more than one rational interpretation, the Commissioner's decision

6    must be upheld.  Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007); Gallant v.

7    Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

8       To be eligible for disability benefits a claimant must demonstrate a medically

9    determinable impairment which prevents her from engaging in substantial gainful

10   activity and which is expected to result in death or to last for a continuous period of

11   at least twelve months.  Lingenfelter, 504 F.3d at 1034; Reddick, 157 F.3d at 721; 42

12   U.S.C. § 423(d)(1)(A).

13       The Commissioner evaluates disability claims under a five-step test:

14           (i) At the first step, we consider your work activity, if any.  If you
are doing substantial gainful activity, we will find that you are not

15      disabled. . . .

           (ii) At the second step, we consider the medical severity of your

16      impairment(s).  If you do not have a severe medically determinable
physical or mental impairment that meets the duration requirement in

17      § 404.1509, or a combination of impairments that is severe and meets the
duration requirement, we will find that you are not disabled. . . .

18       (iii) At the third step, we also consider the medical severity of
your impairment(s).  If you have an impairment(s) that meets or equals

19      one of our listings in [20 C.F.R., Part 404, Subpart P, Appendix 1] and
meets the duration requirement, we will find that you are disabled. . . .

20           (iv) At the fourth step, we consider our assessment of your
residual functional capacity and your past relevant work.  If you can still

21      do your past relevant work, we will find that you are not disabled. . . .

          (v) At the fifth and last step, we consider our assessment of your

22      residual functional capacity and your age, education, and work
experience to see if you can make an adjustment to other work.  If you

23      can make an adjustment to other work, we will find that you are not
disabled.  If you cannot make an adjustment to other work, we will find

24      that you are disabled.

25   20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Parra v. Astrue, 481 F.3d 742, 746 (9th

26   Cir. 2006); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

27       Claimants have the burden of proof at steps one through four.  Burch, 400 F.3d

28   at 679.  If the claimant establishes an inability to continue past work, the burden shifts

to the Commissioner at step five to prove that a claimant can perform other substantial gainful work which is available in the national economy.  Id.; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

In this case, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (AR 33.)  At step two, the ALJ found plaintiff suffered from medically determinable "severe" impairments consisting of degenerative disc disease of the lumbar spine and asthma. (Id.)  At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments.  (Id.)  The ALJ also found plaintiff had a residual functional capacity ("RFC") to perform light work, specifically with "standing/walking limitations of four hours out of an eight-hour workday, sitting for six hours out of an eight-hour workday, no climbing ropes, scaffolds and ladders, and all other postural activities limited to occasional, and no concentrated exposure to fumes, odors and dust."  (Id.)  The ALJ then found, at step four, that plaintiff had the ability to perform her past relevant work as a home attendant and electronics assembler. (AR 35.)  Accordingly, the ALJ determined that plaintiff was not under a "disability," as defined in the Social Security Act, from April 17, 2007, the day after the date of denial of plaintiff's previous application for benefits, to June 30, 2007, the end of the prescribed period for Disabled Widow's Insurance Benefits. (Id.; see also AR 16 ("Given the prior final [ALJ] decision, the period in question . . . is only for April 17, 2007 through June 30, 2007.").)

**DISCUSSION**

**A.   Reversal is not warranted based on the ALJ's conduct.**

Plaintiff argues the ALJ "did not give [her] a fair hearing," "held court like an inquisition," and tampered with the administrative record, alleging "Pages 127-137, were manufactured and page 262 was totally fabricated."  (Motion at 1.)

The Court is persuaded that nothing in the record supports plaintiff's contention that the ALJ displayed impermissible bias or otherwise tampered with the record. "'ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased.  This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification.'" Rollins v. Massanari, 261 F.3d 853, 857-58 (9th Cir. 2001) (quoting Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999)); Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The burden of making such a showing rests with the party asserting bias.  Verduzco, 188 F.3d at 1089.

Here, the hearing transcript reveals the ALJ questioned plaintiff regarding her impairments, treatments, limitations, and daily activities.  (See AR 44-66.)   This is not evidence of bias or lack of impartiality, for "'[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits[.]'" Reed v. Massanari, 270 F.3d 838, 841 (9th Cir. 2001) (quoting Sims v. Apfel, 530 U.S. 103, 110-11, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000)).

Further, plaintiff presents no evidence to support her claim that the ALJ "manufactured" or "fabricated" portions of the administrative record.  (See generally Motion at 1; Reply at 2.)  Plaintiff points to the transcript from a hearing held on July 15, 1999, relating to a prior DIB claim, which was denied in 1999, and the second page from a 2008 DIB application.  (Motion at 1; see AR 127-37, AR 141, AR 262.) However, in her decision denying benefits, the ALJ does not refer to this transcript, nor does she rely on any testimony from the 1999 hearing.  (See generally AR 16-35.) Similarly, plaintiff's 2008 DIB application is also not relevant to the instant decision denying benefits.  Since plaintiff presents no evidence that the ALJ was biased or tampered with the evidence, the Court finds the ALJ provided plaintiff with a full and fair hearing.

Thus, Disputed Issue One does not warrant reversal of the Commissioner's decision.

**B.    Reversal is not warranted based on the ALJ's evaluation of the medical evidence.**

In Disputed Issue Two, plaintiff contends that the "ALJ committed gross error in how she went about manufacturing this case" because "[t]here was no one of qualifications who examined [plaintiff] to submit a finding" and the ALJ "improperly made findings that should have been decided by a doctor after a professional evaluation." (Reply at 2.)  Plaintiff also complains that "[o]n January 18, 2012, [she] was fighting for her life in Long Beach Memorial Hospital in the Internal Care Unit." (Id.)

Further, plaintiff appears to argue that the ALJ failed to properly consider the opinion of treating physician Emmanuel A. Ayodele, M.D. ("Dr. Ayodele"). (Reply at 2.)  She also asserts that she "has never met . . . [certain] state agency physician[s]," and maintains that the ALJ "ignored" and failed to "seek the information on over five doctors' reports."  (Reply at 2, Motion at 1.)

**1.    Cases involving prior final agency decisions of nondisability**

Res judicata applies if the Commissioner has "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. §§ 404.957(c)(1) & 416.1457(c)(1).  A previous final determination of nondisability creates a presumption of continuing nondisability with respect to any subsequent unadjudicated period of alleged

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

disability.  See Chavez, 844 F.2d at 693; Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1996) (as amended); Social Security Acquiescence Ruling ("SSAR")[3] 97-4(9), 1997 WL 742758.

This presumption may be overcome by a showing of "changed circumstances." Chavez, 844 F.2d at 693; Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985).  To show "changed circumstances," the evidence must establish that the claimant suffers from an impairment that indicates a greater disability since the prior decision denying benefits.  Chavez, 844 F.2d at 693.  In other words, the presumption of nondisability does not apply if the claimant raises an issue not considered in the previous decision, such as the existence of a new impairment, or demonstrates an increase in the severity of an impairment, either one of which adversely affects her RFC.  See Lester, 81 F.3d at 827.

Although neither plaintiff nor defendant briefed the issue, the Court notes that plaintiff had to show some material change in her condition since April 16, 2007, when her prior claim was decided against her.

Here, plaintiff fails to point to any evidence showing a material change in her condition between April 17, 2007, when her previous application was rejected, and June 30, 2007, the end of the prescribed period for Disabled Widow's Insurance Benefits.  While plaintiff appears to allege that her condition worsened, stating that "[o]n January 18, 2012, [she] was fighting for her life in Long Beach Memorial Hospital in the Internal Care Unit," this evidence is of limited relevance as it does not relate to the period at issue.  (See also AR 55 (ALJ questioning plaintiff whether her "condition change[d] immediately after the decision from the judge was issued" and

---

[3]      The Commissioner issues SSARs when a "United States Court of Appeals['] holding conflicts with [the Commissioner's] interpretation of a provision of the . . . Act or regulations[.]"  20 C.F.R. § 416.1485(b).  SSARs are "binding on all components of the Social Security Administration[.]"  Id. at § 402.35(b)(2); accord Pinto v. Massanari, 249 F.3d 840, 844 n. 3 (9th Cir. 2001).

plaintiff responding, "it's just worse")); 20 C.F.R. § 404.1513(e) ("The evidence in your case record . . . must allow us to determine . . . [t]he nature and severity of your impairment(s) for any *period in question*[.]") (emphasis added); Turner v. Comm'r, Soc. Sec. Admin., 613 F.3d 1217, 1224 (9th Cir. 2010) (finding that the ALJ properly declined to address treating physician opinion provided subsequent to the relevant time period); cf. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

With respect to plaintiff's contention that "[t]here was no one of qualification[] who examined [her] to submit a finding," the Court does not agree. The current ALJ decision incorporated the 2007 ALJ Denial. (AR 17, AR 29-31.) In that decision, the ALJ relied on the medical expert's opinion, which was also supported by the opinion of the consultative examiner, who performed an internal consultative physical examination of plaintiff. (AR 143-44 (indicating that plaintiff "was seen pursuant to [a] consultative physical examination by an internist . . . on September 27, 2005"); see AR 141-46.) Since plaintiff fails to overcome the presumption of nondisability created by the 2007 ALJ Denial, the current decision properly relies on the internal consultative examiner's 2005 opinion, which found plaintiff "was limited to work at the light exertional level." (AR 143.)

### 2. **Evaluation of the medical evidence**

In evaluating medical opinions, the Ninth Circuit distinguishes among three types of physicians: (1) Treating physicians (who examine and treat), (2) examining physicians (who examine but do not treat), and (3) non-examining physicians (who neither examine nor treat). Lester, 81 F.3d at 830. In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. Id. Although a treating physician's opinion is entitled to special weight, McAllister

v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (as amended), "[t]he treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given to a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527, 416.927. When a treating or examining physician's opinion is not contradicted by another physician, it may only be rejected for "clear and convincing" reasons. Lester, 81 F.3d at 830. Where, as in this case, the treating physician's opinion is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. Id. at 830-31; see also Carmickle, 533 F.3d at 1164.

The Court concludes the ALJ's evaluation of the medical evidence is free of legal error and is supported by substantial evidence.

First, the ALJ properly rejected Dr. Ayodele's check-off form as "conclusory" and "unsupported." (AR 29, AR 30.) On October 8, 2010, Dr. Ayodele completed a Medical Source Statement Concerning the Nature and Severity of an Individual's Physical Impairment form. (AR 408-11.) In the form, Dr. Ayodele diagnosed plaintiff with chronic low back pain, hypertension, and chronic obstructive pulmonary disease. (AR 408.) Dr. Ayodele opined that plaintiff should be limited to sitting, standing and/or walking between zero to two hours in an eight-hour day, and could "rarely" carry objects less than ten pounds. (AR 409.) Dr. Ayodele further determined that plaintiff has "significant limitations in doing repetitive reaching, handling, fingering or lifting," and requires the use of an assistive device while standing and walking." (Id.) However, Dr. Ayodele failed to provide any explanation of the findings which brought him to conclude that plaintiff should sit, stand or walk between zero to two hours, requires an assistive device while standing or walking, and has significant limitations in performing repetitive reaching, handling, fingering or lifting. (See generally AR 408-11.) Nor did Dr. Ayodele provide any clinical

findings – either his own or from another physician – to support his opinions. (Id.); see Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) ("ALJ . . . permissibly rejected [psychological evaluation forms] because they were check-off reports that did not contain any explanation of the bases of their conclusions."); see also De Guzman v. Astrue, 343 Fed.Appx. 201, 209 (9th Cir. 2009) (ALJ is "free to reject check-off reports that do not contain any explanation of the bases of their conclusions.") (internal quotation marks, citation, and brackets omitted).

Second, plaintiff argues that she "has never met the state agency physician, P.N.L.I.G.O.T., Dr. Balson, and therefore the opinion of the [ALJ] is a farce and a sham." (Reply at 2.)  However, nonexamining physicians P.M. Balson, M.D., who completed a Psychiatric Review Technique form, (AR 374-84, AR 393-403), and P.N. Ligot, M.D., who completed a Case Analysis, (AR 392), are acceptable medical sources whose opinions can be considered nonexamining opinions. 20 C.F.R. §§ 404.1502, 416.902 (defining a nonexamining source as "a physician, psychologist, or other acceptable medical source who has not examined you but provides a medical or other opinion in your case" and explaining that, at the ALJ hearing and Appeals Council levels of the administrative review process, "State agency medical and psychological consultants, other program physicians and psychologists, and medical experts or psychological experts" are consulted); see also 20 C.F.R. §§ 404.1527, 416.927 (prescribing the respective weight to be given the opinion of nonexamining sources).

Lastly, with respect to plaintiff's contention that the ALJ "ignored" and failed to "seek the information on over five doctors' reports," plaintiff does not identify which physician reports required further inquiry.  (Motion at 1.)  An ALJ's duty to augment an existing record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (as amended) (citation omitted); Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) ("[t]he ALJ's duty to supplement

11

a claimant's record is triggered by ambiguous evidence [or] the ALJ's own finding that the record is inadequate"); see also 20 C.F.R. § 416.927(c)(3).  Here, the Court is not persuaded that the evidence in the record was unclear or inadequate such that it triggered the ALJ's duty to develop the record.

Thus, Disputed Issue Two presents no grounds for reversal of the Commissioner's decision.

**RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) Approving and accepting this Report and Recommendation; and (2) directing that Judgment be entered affirming the decision of the Commissioner denying benefits and dismissing this action with prejudice.

DATED: November 19, 2014

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

12